IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

RICHARD PARKER,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, RICHARD PARKER ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Miramar.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") or ("PRA") is a limited liability company who at all relevant times was engaged, by use of the mails

and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant placed multiple calls to Plaintiff's mother's residential telephone line in connection with an attempt to collect an alleged debt from Plaintiff after being instructed not to contact said third party.

12. Plaintiff's mother provided her son's contact information, but Defendant continued to place calls to Plaintiff's mother.

13. On at least one occasion, Defendant disclosed to Plaintiff's mother the fact that Plaintiff allegedly owed a debt.

14. Defendant, via its agent and/or employee "Shelleen," placed a call to Plaintiff's mother's residential telephone line on December 13, 2010 @ 1:00 P.M. in connection with an attempt to collect a debt, and at such time, Plaintiff reminded Defendant that Plaintiff requested

no calls be placed to said telephone line by Defendant. Defendant checked its records and admitted to receiving such request, and therefore communicated with Plaintiff at a time or place Defendant knew or should have known to be inconvenient for Plaintiff.

15. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692b(3) and 1692c(b) by communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3) and 1692c(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendant violated 15 U.S.C. § 1692b(2) and 1692c(b) by disclosing to a third party the existence of the debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2) and 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendant violated 15 U.S.C. § 1692b and 1692c(b) by contacting a third party, in connection with an attempt to collect an alleged debt from Plaintiff, for purposes other than obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b and 1692c(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

23. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 4th day of April, 2011.

                        Respectfully submitted,
                        **RICHARD PARKER**

                        By: s/ Alex D. Weisberg
                        ALEX D. WEISBERG
                        FBN: 0566551
                        WEISBERG & MEYERS, LLC
                        ATTORNEYS FOR PLAINTIFF
                        5722 S. Flamingo Rd, Ste. 656
                        Cooper City, FL 33330
                        (954) 212-2184
                        (866) 577-0963 fax
                        aweisberg@attorneysforconsumers.com